1   STEVEN W. MYHRE
Acting United States Attorney
2   100 West Liberty Street
Suite 600
3   Reno, Nevada 89501
Telephone: (702) 388-6336
4

5   VIRGINIA CRONAN LOWE
Trial Attorney, Tax Division
U.S. Department of Justice
6   P.O. Box 683
Ben Franklin Station
7   Washington, D.C. 20044-0683
Telephone: (202) 307-6484
8   email: virginiacronan.lowe@usdoj.gov

9             IN THE UNITED STATES DISTRICT COURT FOR THE

10                      DISTRICT OF NEVADA

11

| | | |
|---|---|---|
| 12 UNITED STATES OF AMERICA | ) | |
| 13         Plaintiff, | ) | Civil No. CV-N-05-0624 BES (VPC) |
| | ) | |
| 14     v. | ) | MEMORANDUM IN SUPPORT OF |
| | ) | UNITED STATES' MOTION FOR |
| 15 KENNETH J. MCKENNA, | ) | SUMMARY JUDGMENT |
| | ) | |
| 16         Defendants. | ) | |
|   —————————————————— | ) | |

17

18       The United States of America, by the undersigned counsel, submits this memorandum in support

19 of its Motion For Summary Judgment against defendant Kenneth J. McKenna.  This action was brought

20 by the United States to reduce to judgment federal income tax and trust fund recovery penalty

21 assessments against defendant Kenneth J. McKenna.  The federal income tax assessments made against

22 the defendant were based on the income tax reported due by the defendant on the federal income tax

23 returns that he filed with the Internal Revenue Service (IRS).  In addition, the trust fund recovery penalty

24 assessments made against the defendant were based on the Form 941 quarterly employment tax returns

25 filed by the defendant.  Therefore, summary judgment should be entered in favor of the United States in

26 the amount of the balance due on the federal income and employment tax assessments made against the

27 defendant.

28

1

### STATEMENT OF FACTS

2          1.  The defendant filed his 1992 federal income tax return with the IRS on August 13, 1993 and

3    reported $78,551.00 in income tax.  <u>See</u> Declaration of Virginia Cronan Lowe (hereinafter Lowe Decl.),

4    Exhibit 1.  This amount was assessed against the defendant on September 6, 1993.  <u>Id</u>.  Notice and

5    demand for payment was sent to the defendant on September 6, 1993.  <u>Id</u>.  The balance due for the

6    defendant's 1992 tax year as of the date of the Form 4340 is $14,310.17.[1]

7          2.  The defendant filed his 1993 federal income tax return with the IRS on August 17, 1994 and

8    reported $19,520.00 in income tax.  <u>See</u> Lowe Decl., Exhibit 2.  This amount was assessed against the

9    defendant on September 19, 1994.  <u>Id</u>.  Notice and demand for payment was sent to the defendant on

10   September 19, 1994.  <u>Id</u>.  The current balance due for the defendant's 1993 tax year is $59,408.10.

11   Declaration of Sandra Davaz (hereinafter Davaz Decl.), Exhibit 22.

12         3,  The defendant filed his 1996 federal income tax return with the IRS on October 20, 1997

13   and reported $51,402.00 in income tax.  <u>See</u> Lowe Decl., Exhibit 3.  This amount was assessed against

14   the defendant on November 17, 1997.  <u>Id</u>.  Notice and demand for payment was sent to the defendant on

15   November 17, 1997.  <u>Id</u>.  The current balance due for the defendant's 1996 tax year is $108,140.21.

16   Davaz Decl., Exhibit 22.

17         4.  The defendant filed his 1997 federal income tax return with the IRS on October 19, 1998 and

18   reported $29,558.00 in income tax.  <u>See</u> Lowe Decl., Exhibit 4.  This amount was assessed against the

19   defendant on November 23, 1998.  <u>Id</u>.  Notice and demand for payment was sent to the defendant on

20   November 23, 1998.  <u>Id</u>.  The current balance due for the defendant's 1997 tax year is $54,812.82.

21   Davaz Decl., Exhibit 22.

22         5.  The defendant filed his 1998 federal income tax return with the IRS on October 17, 1999 and

23   reported $11,296.00 in income tax.  <u>See</u> Lowe Decl., Exhibit 5.  This amount was assessed against the

24   defendant on November 15, 1999.  <u>Id</u>.  Notice and demand for payment was sent to the defendant on

25

26

----

27         [1]/ The IRS is in the process of determining the current balance due for the defendant's 1992 tax year and this will be provided to the Court upon receipt from the IRS.

28                                          - 2 -

1    November 15, 1999. <u>Id</u>.  The current balance due for the defendant's 1998 tax year is $17,941.26.

2    Davaz Decl., Exhibit 22.

3        6.  The defendant filed his 1999 federal income tax return with the IRS on October 20, 2000 and

4    reported $18,194.00 in income tax.  <u>See</u> Lowe Decl., Exhibit 6.  This amount was assessed against the

5    defendant on November 27, 2000. <u>Id</u>.  Notice and demand for payment was sent to the defendant on

6    November 27, 2000. <u>Id</u>.  The current balance due for the defendant's 1999 tax year is $33,309.10.

7    Davaz Decl., Exhibit 22.

8        7.  The defendant filed his 2001 federal income tax return with the IRS on October 18, 2002 and

9    reported $49,742.00 in income tax.  <u>See</u> Lowe Decl., Exhibit 7.  This amount was assessed against the

10   defendant on November 18, 2002. <u>Id</u>.  Notice and demand for payment was sent to the defendant on

11   November 18, 2002. <u>Id</u>.  The current balance due for the defendant's 2001 tax year is $64,962.24.

12   Davaz Decl., Exhibit 22.

13       8.  The defendant filed his 2002 federal income tax return with the IRS on January 30, 2004 and

14   reported $13,670.00 in income tax.  <u>See</u> Lowe Decl., Exhibit 8.  This amount was assessed against the

15   defendant on August 23, 2004. <u>Id</u>.  Notice and demand for payment was sent to the defendant on August

16   23, 2004. <u>Id</u>. The current balance due for the defendant's 2002 tax year is $64,962.24.  Davaz Decl.,

17   Exhibit 22.

18       9.  The Form 941, Quarterly Employment Tax Return for Kenneth James McKenna, Inc. for the

19   period ending June 30, 1998, was filed with the IRS on June 18, 2003.  <u>See</u> Lowe Decl., Exhibit 9.  A

20   trust fund recovery penalty, pursuant to 26 U.S.C. § 6672, with regard to the nonpayment of the

21   employment taxes for the period ending June 30, 1998, was assessed against the defendant on July 14,

22   2003 in the amount of $2,760.78. <u>Id</u>.  Notice and demand for payment was sent to the defendant on July

23   14, 2003. <u>Id</u>.  The current balance due for the assessed trust fund recovery penalty is $158.26. <u>See</u>

24   Davaz Decl., Exhibit 23.

25       10.  The Form 941, Quarterly Employment Tax Return for Kenneth James McKenna, Inc. for

26   the period ending September 30, 1998, was filed with the IRS on June 18, 2003.  <u>See</u> Lowe Decl.,

27   Exhibit 10.  A trust fund recovery penalty, pursuant to 26 U.S.C. § 6672, with regard to the nonpayment

28                                                   - 3 -

1    of the employment taxes for the period ending September 30, 1998, was assessed against the defendant

2    on July 14, 2003 in the amount of $2,750.50. Id. Notice and demand for payment was sent to the

3    defendant on July 14, 2003. Id. The current balance due for the assessed trust fund recovery penalty is

4    $3463.30. See Davaz Decl., Exhibit 23.

5            11. The Form 941, Quarterly Employment Tax Return for Kenneth James McKenna, Inc. for

6    the period ending December 31, 1998, was filed with the IRS on June 18, 2003. See Lowe Decl., Exhibit

7    11. A trust fund recovery penalty, pursuant to 26 U.S.C. § 6672, with regard to the nonpayment of the

8    employment taxes for the period ending December 31, 1998, was assessed against the defendant on July

9    14, 2003 in the amount of $3,682.25. Id. Notice and demand for payment was sent to the defendant on

10   July 14, 2003. Id. The current balance due for the assessed trust fund recovery penalty is $4,636.48.

11   See Davaz Decl., Exhibit 23.

12           12. The Form 941, Quarterly Employment Tax Return for Kenneth James McKenna, Inc. for

13   the period ending March 31, 1999, was filed with the IRS on June 18, 2003. See Lowe Decl., Exhibit 12.

14   A trust fund recovery penalty, pursuant to 26 U.S.C. § 6672, with regard to the nonpayment of the

15   employment taxes for the period ending March 31, 1999, was assessed against the defendant on July 14,

16   2003 in the amount of $2,248.50. Id. Notice and demand for payment was sent to the defendant on July

17   14, 2003. Id. The current balance due for the assessed trust fund recovery penalty is $2,831.17. See

18   Davaz Decl., Exhibit 23.

19           13. The Form 941, Quarterly Employment Tax Return for Kenneth James McKenna, Inc. for

20   the period ending June 30, 1999, was filed with the IRS on June 18, 2003. See Lowe Decl., Exhibit 13.

21   A trust fund recovery penalty, pursuant to 26 U.S.C. § 6672, with regard to the nonpayment of the

22   employment taxes for the period ending June 30, 1999, was assessed against the defendant on July 14,

23   2003 in the amount of $1,672.50. Id. Notice and demand for payment was sent to the defendant on July

24   14, 2003. Id. The current balance due for the assessed trust fund recovery penalty is $2,105.95. See

25   Davaz Decl., Exhibit 23.

26           14. The Form 941, Quarterly Employment Tax Return for Kenneth James McKenna, Inc. for

27   the period ending September 30, 1999, was filed with the IRS on June 18, 2003. See Lowe Decl.,

28                                              - 4 -

1   Exhibit 14.  A trust fund recovery penalty, pursuant to 26 U.S.C. § 6672, with regard to the nonpayment

2   of the employment taxes for the period ending September 30, 1999, was assessed against the defendant

3   on July 14, 2003 in the amount of $2,248.50.  Id.  Notice and demand for payment was sent to the

4   defendant on July 14, 2003.  Id.  The current balance due for the assessed trust fund recovery penalty is

5   $2,831.17.  See Davaz Decl., Exhibit 23.

6          15.  The Form 941, Quarterly Employment Tax Return for Kenneth James McKenna, Inc. for

7   the period ending December 31, 1999, was filed with the IRS on June 18, 2003.  See Lowe Decl., Exhibit

8   15.  A trust fund recovery penalty, pursuant to 26 U.S.C. § 6672, with regard to the nonpayment of the

9   employment taxes for the period ending December 31, 1999, was assessed against the defendant on July

10  14, 2003 in the amount of $2,248.50.  Id.  Notice and demand for payment was sent to the defendant on

11  July 14, 2003.  Id.  The current balance due for the assessed trust fund recovery penalty is $2,831.17.

12  See Davaz Decl., Exhibit 23.

13         16.  The Form 941, Quarterly Employment Tax Return for Kenneth James McKenna, Inc. for

14  the period ending March 31, 2000, was filed with the IRS on June 18, 2003.  See Lowe Decl., Exhibit 16.

15  A trust fund recovery penalty, pursuant to 26 U.S.C. § 6672, with regard to the nonpayment of the

16  employment taxes for the period ending March 31, 1998, was assessed against the defendant on July 14,

17  2003 in the amount of $4,580.01.  Id.  Notice and demand for payment was sent to the defendant on July

18  14, 2003.  Id.  The current balance due for the assessed trust fund recovery penalty is $5,766.91.  See

19  Davaz Decl, Exhibit 23.

20         17.  The Form 941, Quarterly Employment Tax Return for Kenneth James McKenna, Inc. for

21  the period ending June 30, 2000, was filed with the IRS on June 18, 2003.  See Lowe Decl., Exhibit 17.

22  A trust fund recovery penalty, pursuant to 26 U.S.C. § 6672, with regard to the nonpayment of the

23  employment taxes for the period ending June 30, 2000, was assessed against the defendant on July 14,

24  2003 in the amount of $2,250.00.  Id.  Notice and demand for payment was sent to the defendant on July

25  14, 2003.  Id.  The current balance due for the assessed trust fund recovery penalty is $2,833.07.  See

26  Davaz Decl., Exhibit 23.

27

28                                          - 5 -

1       18.  The Form 941, Quarterly Employment Tax Return for Kenneth James McKenna, Inc. for

2   the period ending December 31, 2001, was filed with the IRS on June 18, 2003.  See Lowe Decl., Exhibit

3   18.  A trust fund recovery penalty, pursuant to 26 U.S.C. § 6672, with regard to the nonpayment of the

4   employment taxes for the period ending December 31, 2001, was assessed against the defendant on July

5   14, 2003 in the amount of $4,800.00.  Id.  Notice and demand for payment was sent to the defendant on

6   July 14, 2003.  Id.  The current balance due for the assessed trust fund recovery penalty is $6,043.87.

7   See Davaz Decl., Exhibit 23.

8       19.  The Form 941, Quarterly Employment Tax Return for Kenneth James McKenna, Inc. for

9   the period ending March 31, 2002, was filed with the IRS on June 18, 2003.  See Lowe Decl., Exhibit 19.

10  A trust fund recovery penalty, pursuant to 26 U.S.C. § 6672, with regard to the nonpayment of the

11  employment taxes for the period ending March 31, 2002, was assessed against the defendant on July 14,

12  2003 in the amount of $3,526.40.  Id.  Notice and demand for payment was sent to the defendant on July

13  14, 2003.  Id.  The current balance due for the assessed trust fund recovery penalty is $4,440.26.  See

14  Davaz Decl., Exhibit 23.

15      20.  The Form 941, Quarterly Employment Tax Return for Kenneth James McKenna, Inc. for

16  the period ending June 30, 2002, was filed with the IRS on June 18, 2003.  See Lowe Decl., Exhibit 20.

17  A trust fund recovery penalty, pursuant to 26 U.S.C. § 6672, with regard to the nonpayment of the

18  employment taxes for the period ending June 30, 2002, was assessed against the defendant on July 14,

19  2003 in the amount of $8,650.14.  Id.  Notice and demand for payment was sent to the defendant on July

20  14, 2003.  Id.  The current balance due for the assessed trust fund recovery penalty is $10,891.76.  See

21  Davaz Decl., Exhibit 23.

22      21.  The Form 941, Quarterly Employment Tax Return for Kenneth James McKenna, Inc. for

23  the period ending September 30, 2002, was filed with the IRS on June 18, 2003.  See Lowe Decl.,

24  Exhibit 21.  A trust fund recovery penalty, pursuant to 26 U.S.C. § 6672, with regard to the nonpayment

25  of the employment taxes for the period ending September 30, 2002, was assessed against the defendant

26  on July 14, 2003 in the amount of $6,593.64.  Id.  Notice and demand for payment was sent to the

27

28                                                     - 6 -

1    defendant on July 14, 2003.  Id.  The current balance due for the assessed trust fund recovery penalty is

2    $8,302.32.  See Davaz Decl., Exhibit 23.

3                                                    ARGUMENT

4              **A.        The Standard for Summary Judgment.**

5              Summary judgment is appropriate when the movant demonstrates that "there is no genuine

6    issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.

7    R. Civ. P. 56(c); Owen v. Local No. 169, 971 F.2d 347, 355 (9th Cir. 1992).  The party moving for

8    summary judgment "bears the initial responsibility of informing the district court of the basis for its

9    motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and

10   admissions on file, together with the affidavits, if any," which it believes demonstrate an absence of a

11   genuine issue of material fact.  Celotex v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party meets

12   its initial responsibility, then the burden shifts to the opposing party to establish that a genuine issue as to

13   any material fact actually does exist Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

14   586 (1986).

15

16             **B.        Based on the Evidence Submitted, Summary Judgment Should Be Granted in Favor
                            of the United States.**

17             As set forth in detail above and as reflected on the Forms 4340,[2] on the dates specified therein,

18   the IRS made assessments against the defendant for unpaid income and employment taxes, together with

19   interest, penalties and other statutory additions.  Forms 4340 are the appropriate means of establishing an

20   assessment, *Hughes v. United States*, 953 F.2d 531, 540 (9th Cir. 1992), and show that the federal tax

21   liabilities were properly assessed against the defendant, that the notices and demand for payment were

22   properly sent, and that the defendant is presumptively liable for the unpaid taxes, interest, penalties, and

23   other statutory additions identified thereon.  *Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1993) ("It

24   is settled in this circuit that [Forms 4340] are 'probative evidence in and of themselves and, in the

25   absence of contrary evidence, are sufficient to establish that . . . assessments were properly made'")

26   _____

27             [2]Forms 4340 are self-authenticating under Federal Rule of Evidence 902(1) and admissible into
     evidence pursuant to Federal Rule of Evidence 803(8).

28                                                      - 7 -

1  (citations omitted); *Huff v. United States*, 10 F.3d 1440, 1145-47 (9th Cir. 1993); *Hansen v. United*

2  *States*, 7 F.3d 137, 138 (9th Cir. 1993).

3  Moreover, the amount of income tax assessed on the Forms 4340 is the same amount that the

4  defendant reported on the federal income tax returns that he filed with the IRS for the years 1992, 1993,

5  1996, 1997, 1998, 1999, 2001, and 2002.  In addition, the amount of the trust fund recovery penalty

6  assessed is based upon the employment tax liabilities reported by the defendant on the Forms 941 filed

7  by the defendant for Kenneth James McKenna, Inc.  Based upon the Forms 4340 and the Declaration of

8  Maria Kessner, the United States is entitled to a judgment in the amount of $367,829.68 for the income

9  tax liabilities, $51,135.69 for the trust fund recovery penalty liabilities and other statutory additions from

10  May 15, 2007.[3]

11  CONCLUSION

12  For the foregoing reasons, summary judgment should be entered in favor of the United States

13  and against the defendant Kenneth J. McKenna in the amount of $367,829.68 for the income tax

14  liabilities, $51,135.69 for the trust fund recovery penalty liabilities and other statutory additions from

15  May 15, 2007.

17  STEVEN W. MYHRE
Acting United States Attorney

19  /s/ Virginia Cronan Lowe
VIRGINIA CRONAN LOWE
20  Trial Attorney, Tax Division
U.S. Department of Justice
21  Post Office Box 683
Ben Franklin Station
22  Washington, D.C. 20044
Telephone: (202) 307-6484

24  [3]26 U.S.C. § 6601 provides that "[i]f any amount of tax imposed by this title . . . is not paid on or
25  before the last date prescribed for payment, interest on such amount at the underpayment rate established under section 6621 *shall be paid for the period from such last date to the date paid.*"  26 U.S.C. § 6601(a)
26  (emphasis supplied).  Congress could not have used clearer language.  Accordingly, interest accrues here from the dates of assessment pursuant to 26 U.S.C. §§ 6601, 6621 and 6622.  Upon entry of judgment,
27  interest accrues under 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961©.  Thus, the rates for prejudgment and postjudgment are the same.

28  - 8 -

1

2

3                                         CERTIFICATE OF SERVICE

4            IT IS HEREBY CERTIFIED that service of the foregoing MEMORANDUM IN SUPPORT OF

5    UNITED STATES' MOTION FOR SUMMARY JUDGMENT has been made this 16th day of May,

6    2007, by ecf notice addressed to:

7                   andrea@kenmckennalaw.com

8

9

10
                                         /s/ Virginia Cronan Lowe
11                                       VIRGINIA CRONAN LOWE
                                         Trial Attorney, Tax Division
12                                       U.S. Department of Justice

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                             - 9 -                                    2458037.1