STEVEN W. MYHRE
Acting United States Attorney
100 West Liberty Street
Suite 600
Reno, Nevada 89501
Telephone: (702) 388-6336

VIRGINIA CRONAN LOWE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6484
email: virginiacronan.lowe@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　　Plaintiff,　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>KENNETH J. MCKENNA,　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　　Defendants.　　　　　　)<br>_____) | Civil No. CV-N-05-0624 BES (VPC)<br><br>REPLY TO DEFENDANT'S OPPOSITION TO UNITED STATES' MOTION FOR SUMMARY JUDGMENT |

The United States of America, by the undersigned counsel, submits this memorandum in reply to the Amended Opposition To Motion For Summary Judgment filed by the defendant in this matter.

## STATEMENT OF THE CASE

As set forth in detail in the Memorandum In Support of the United States' Motion For Summary Judgment, this action was brought by the United States to reduce to judgment federal income tax and trust fund recovery penalty assessments against defendant Kenneth J. McKenna. The federal income tax assessments made against the defendant for the years 1992, 1993, 1996, 1997, 1998, 1999, 2001 and 2002 were based on the income tax reported due by the defendant on the federal income tax returns that he filed with the Internal Revenue Service (IRS). The defendant has failed to pay the outstanding federal income tax assessments for the years 1992, 1993, 1996, 1997, 1998, 1999, 2001 and 2002. The defendant did not dispute these facts in his opposition to the United States' motion.

In addition, the trust fund recovery penalty assessments made against the defendant for the periods June 30, 1998, September 30, 1998, December 31, 1998, March 31, 1999, June 30, 1999, September 30, 1999, December 31, 1999, March 31, 2000, June 30, 2000, December 31, 2001, March 31, 2002, June 30, 2002, and September 30, 2002, were based on the Form 941 quarterly employment tax returns filed by the defendant.  The defendant has failed to pay the outstanding federal employment tax liabilities assessed against him for these periods.  The defendant did not dispute these facts in his opposition to the United States' motion.

In his opposition, the defendant has alleged that in preparing his 2006 federal income tax return, his accountant determined that there was an error in his office's QuickBooks accounting system which resulted in errors in calculating his net income for the 2006 tax year.  See Defendant's Opposition, p. 3. Defendant alleges that the error has been occurring since his office began utilizing the system and as a result he has been over-reporting his income.  Id.  Defendant maintains that it would be premature to grant the United States' motion for summary judgment until he can determine the extent of the error. However, defendant's allegations fail to raise an issue of material fact and therefore, summary judgment should be entered in favor of the United States in the amount of the balance due on the federal income and employment tax assessments made against the defendant.

## ARGUMENT

Summary judgment is appropriate when the movant demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Owen v. Local No. 169, 971 F.2d 347, 355 (9th Cir. 1992).  The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate an absence of a genuine issue of material fact.  Celotex v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party meets its initial responsibility, then the burden shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

As set forth in detail in the Memorandum in Support of the United States' Motion For Summary Judgment, the United States submitted the Certificates of Assessments and Payments, Forms 4340, for all of the outstanding federal income and employment taxes at issue in this matter. Forms 4340 are the appropriate means of establishing an assessment, *Hughes v. United States*, 953 F.2d 531, 540 (9th Cir. 1992), and show that the federal tax liabilities were properly assessed against the defendant, that the notices and demand for payment were properly sent, and that the defendant is presumptively liable for the unpaid taxes, interest, penalties, and other statutory additions identified thereon. *Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1993) ("It is settled in this circuit that [Forms 4340] are 'probative evidence in and of themselves and, in the absence of contrary evidence, are sufficient to establish that . . . assessments were properly made'") (citations omitted); *Huff v. United States*, 10 F.3d 1440, 1145-47 (9th Cir. 1993); *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

In his opposition, the defendant does not dispute that the amount of income tax assessed on the Forms 4340 is the same amount that the defendant reported on the federal income tax returns that he filed with the IRS for the years 1992, 1993, 1996, 1997, 1998, 1999, 2001, and 2002. In addition, the defendant does not dispute that the amount of the trust fund recovery penalty assessed was based upon the employment tax liabilities reported by the defendant on the Forms 941 filed by the defendant for Kenneth James McKenna, Inc. The only allegation the defendant makes in his opposition is that for his 2006 tax year, a year not at issue in this suit, his accountant discovered an error in his office accounting system which impacted his net income for his 2006 tax year. From this allegation, the defendant concludes that there must be an error in the net income calculated for his prior years, and the amount owed for his outstanding federal income and employment tax liabilities is incorrect. The defendant's conclusion is nebulous and not supported by any facts. The defendant fails to allege the year in which he started using the QuickBook accounting system in his office, what the precise error is, or how the error impacted the calculation of his net income. Defendant's conclusory allegations fail to establish a genuine issue of material fact as to the liabilities at issue in this action.

In his opposition, the defendant maintains that because of the above there is a dispute as to the amount owed so summary judgment cannot be entered in favor of the United States. However, defendant

has submitted no facts which would counter the facts submitted by the United States. All the defendant has submitted is his allegation that there was an error in his office accounting system for tax year 2006 and therefore, there must be an "error" in prior years. The defendant does not specify how many years back the error would go and how it would even effect the income and employment tax liabilities at issue in this matter. Moreover, given the wide use of QuickBooks, it is noteworthy that defendant has not come forward with any other reported allegation of similar errors. In addition, the defendant's allegations fail to address the fact that he failed to timely pay the outstanding federal tax liabilities at issue in this matter. The defendant's opposition is based on conclusory allegations that fail to create an issue of material fact. Therefore, summary judgment should be entered in favor of the United States.

Finally, the defendant alleges that "through the discovery process the accurate amounts owed may be determined . . . . " Defendant's Opposition, p. 6. To the extent that this can be construed as a Rule 56(f) motion, defendant's request is insufficient. First, discovery ended in this matter on March 16, 2007. Moreover, defendant alleges that he hired his accountant in February 2007 to complete his 2006 federal income tax return, due on April 15, 2007 and in the preparation of the return the error was discovered. Yet, the first time that he informs the United States or this Court of the discovered "error" is in response to the United States' motion for summary judgment. In addition, in order for courts to grant an opposing party's Rule 56(f) motion, facts, not conclusions, are required. See Keebler Co. V. Murray Bakery Products, 866 F.2d 1386, 1389 (Fed. Cir. 1989). Under rule 56(f), an opposing party must make clear what information is sought and how it would preclude summary judgment. See Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 (9th cir. 1987). In this action, the defendant has not alleged facts but conclusions. As set forth above, he has not stated that his office used QuickBooks during the years at issue, what the discovered error is, how it would effect his income in the prior years, how it would effect the employment tax liabilities at issue, or what additional discovery is needed. The defendant has failed to present the necessary facts in support of a Rule 56(f) motion and therefore, it should be denied.

## CONCLUSION

For the foregoing reasons, summary judgment should be entered in favor of the United States and against the defendant Kenneth J. McKenna in the amount of $367,829.68 for the income tax liabilities, $51,135.69 for the trust fund recovery penalty liabilities and other statutory additions from May 15, 2007.

STEVEN W. MYHRE
Acting United States Attorney

/s/ Virginia Cronan Lowe
VIRGINIA CRONAN LOWE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 683
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6484

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing REPLY TO DEFENDANT'S OPPOSITION TO UNITED STATES' MOTION FOR SUMMARY JUDGMENT has been made this 2nd day of July, 2007, by ecf notice addressed to:

andrea@kenmckennalaw.com

/s/ Virginia Cronan Lowe
VIRGINIA CRONAN LOWE
Trial Attorney, Tax Division
U.S. Department of Justice