**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:05-CV-00624-BES-VPC |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| KENNETH J. MCKENNA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Currently before this Court is Plaintiff United States of America's (the "Government") Motion for Summary Judgment (#18), filed on May 16, 2007. Defendant Kenneth J. McKenna ("McKenna") filed an Opposition (#24) on June 18, 2007 and an Amended Opposition (#25) on June 20, 2007. The Government filed its Reply (#26) on July 2, 2007.

**I. BACKGROUND**

On May 16, 2002, the Government filed its motion in furtherance of its case to reduce tax assessments to judgment in the amount of $367,829.68 for the income tax liabilities and $51,135.69 for the trust fund recovery penalty liabilities. The underlying action persists because the Internal Revenue Service ("IRS") made assessments against the defendant for unpaid income and employment taxes, together with interest, penalties and other statutory additions. Federal tax liabilities were assessed against McKenna and notices and demand for payment were properly sent. McKenna failed to remit payment of tax assessments deemed due to the Government but claims that there were significant errors in the QuickBooks accounting system he used, which resulted in considerable errors in the calculation of his net

income for the 2006 tax year.  McKenna believes that his accounting error may have occurred previously resulting in McKenna substantially over-reporting his income and expects that the amount owed to the IRS will be substantially altered after a complete audit is conducted.

## II. ANALYSIS

Federal Rule of Civil Procedure 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  Summary judgment is "not warranted if a material issue of fact exists for trial."  Ribitzki v. Canmar Reading & Bates, 111 F.3d 658, 661–62 (9th Cir. 1997).  A material fact is one that "might affect the outcome of the suit under the governing law . . . ." Lindahl v. Air France, 930 F.2d 1434, 1436 (9th Cir. 1991) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986)).  Further, any dispute regarding a material issue of fact must be genuine— the evidence must be such that "a reasonable jury could return a verdict for the nonmoving party." Id.  Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial" and summary judgment is proper. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The burden of proving the absence of a genuine issue of material fact lies with the moving party; accordingly, "[t]he evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in the light most favorable to the nonmoving party."  Id. (citing Liberty Lobby, 477 U.S. at 255); Martinez v. City of Los Angeles, 141 F.3d 1373, 1378 (9th Cir. 1998). Nevertheless, if the moving party presents evidence that would call for judgment as a matter of law, then the opposing party must show by specific facts the existence of a genuine issue for trial.  Liberty Lobby, 477 U.S. at 250; FED. R. CIV. P. 56(e).  To demonstrate a genuine issue of material fact, the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus., 475 U.S. at 586.  " If the evidence [proffered by the nonmoving party] is merely colorable, or is not significantly probative, summary

1  judgment may be granted." Liberty Lobby, 477 U.S. at 249–50.  Applying these principles, the
2  Court now turns to whether summary judgment is warranted in this case.

3       The Government claims that the IRS made assessments against McKenna for unpaid
4  income and employment taxes, together with interest, penalties and other statutory additions.
5  McKenna disputes the amounts owed to the IRS based upon a QuickBook error which resulted
6  in a miscalculation of McKenna's net income for the 2006 tax year and  potentially the tax
7  years in question as well.

8       The Government attached to its Motion for Summary Judgment several Forms 4340,
9  also known as Certificates of Assessments and Payments, for tax years 1992, 1993, 1996
10 through 1999, 2001 and 2002,  the years for which the Government claims that assessments
11 were made and taxes were not paid by McKenna.  Certificates of Assessments  are "highly
12 probative and are sufficient, in the absence of contrary evidence, to establish that
13 assessments were properly made." United States v. Zolla, 724 F.2d 808, 810 (9th Cir.1984);
14 Hughes v. U.S., 953 F.2d 531, 540 (9th Cir. 1992); Hansen v. U.S., 7 F.3d 137, 138 (9th Cir.
15 1993).

16      McKenna does not dispute that he failed to pay the assessments, but asserts that the
17 amount owed to the IRS may be reduced after an audit of his business is completed by his
18 accountant.  The deficiency determinations and assessments by the IRS for unpaid taxes are
19 normally entitled to a presumption of correctness so long as they are supported by a minimal
20 factual foundation.  Palmer v. U.S. I.R.S., 116 F.3d 1309, 1312 (9th Cir. 1997) citing U.S. v.
21 Stonehill, 702 F.2d 1288, 1293 (9th Cir.1983), cert. denied, 465 U.S. 1079, 104 S.Ct. 1440,
22 79 L.Ed.2d 761 (1984).  The presumption shifts the burden of proof to the taxpayers to show
23 that the determination is incorrect. Id.   "Tax assessments made by the IRS are presumed
24 correct and the taxpayer bears the burden of proving, by a preponderance of the evidence,
25 that the assessment is erroneous." In re Harker, 357 F.3d at 846, 849 (8th Cir. 2004), citing
26 N.D. State Univ. v. United States, 255 F.3d 599, 603 (8th Cir.2001).

27      McKenna has not presented any affirmative testimony or evidence that the tax
28 assessments should be altered or reduced because a miscalculation in the subject tax returns

3

existed as a result of a QuickBooks error. Instead, McKenna speculates that the QuickBook error that occurred in 2006 may have occurred in the previous years, which would have resulted in McKenna substantially over-reporting his income and therefore, he believes the amount owed to the IRS would be substantially reduced. "'Naked allegations and speculation' are insufficient to preclude summary judgment." Roley v. New World Pictures, Ltd., 19 F.3d 479, 482 (9th Cir.1994); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Conclusory allegations that are unsupported by factual data cannot defeat a motion for summary judgment"). Without more than the speculation that the tax owed might be reduced, McKenna cannot withstand the Government's Motion for Summary Judgment.

### III. CONCLUSION

In accordance with the foregoing,

IT IS HEREBY ORDERED that Plaintiff United States of America's Motion for Summary Judgment (#18) is GRANTED. The Clerk of the Court shall enter judgment accordingly.

DATED: This 7th day of November, 2007.

_____
United States District Judge

4